Filed 6/21/13  P. v. Curtis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C071715 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF-02-2410, |
| v. | CRF-02-2780, CRF-02-2892) |
| CHERRIE LYNN CURTIS, | |
| Defendant and Appellant. | |

Defendant Cherrie Lynn Curtis was committed to the state mental hospital pursuant to Penal Code section 1026[1] in 2003 after the trial court found her not guilty by reason of insanity to the criminal charges of five counts of resisting an officer by force (§ 69), two counts of misdemeanor battery (§ 242), and one count of brandishing a deadly weapon, a misdemeanor (§ 417, subd. (a)(1)).

---

[1]     Undesignated statutory references are to the Penal Code.

1

On August 30, 2011, the People filed a petition to extend defendant's commitment pursuant to section 1026.5. Following a court trial, the trial court granted the motion and continued defendant's commitment to the state mental hospital.

We appointed counsel to represent appellant on appeal. Counsel filed an opening brief setting forth the facts of the case, raising no issues, and requesting this court review the record and determine whether there are any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Appellant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from appellant.

If appointed counsel in a criminal defendant's first appeal finds no arguable issues, then the appellate court must independently review the record. (*Wende*, *supra*, 25 Cal.3d at p. 441.) While *Wende* review is mandated in a defendant's first appeal from a criminal conviction, it has not been applied to appeals from other proceedings. *Wende* review does not apply to appeals from dependency proceedings (*In re Sade C*. (1996) 13 Cal.4th 952, 959), Lanterman-Petris-Short Act conservatorship appeals (*Conservatorship of Ben C*. (2007) 40 Cal.4th 529, 537), civil commitments under the Mentally Disordered Offender Act (*People v. Taylor* (2008) 160 Cal.App.4th 304, 308), and a petition for restoration of competency (§ 1026.2) for a person committed pursuant to a verdict of not guilty by reason of insanity (*People v. Dobson* (2008) 161 Cal.App.4th 1422, 1425 (*Dobson*)).

In *Dobson*, the Court of Appeal noted that "[s]ection 1026 et seq. set forth numerous procedural and substantive safeguards before a criminal defendant may be committed to a state hospital pursuant to a plea of not guilty by reason of insanity." (*Dobson*, *supra*, 161 Cal.App.4th at p. 1430.) In addition, "[a] successful insanity plea relieves the defendant of all criminal responsibility," and commitment pursuant to an insanity plea " 'is for the purpose of treatment, not punishment. [Citation.]' [Citation.]" (*Id*. at p. 1432.) Since the hearing on a petition to restore sanity was essentially civil in

2

nature, the section 1206.2 hearing promoted both public and private interests, and the insanity acquittee is accorded substantial procedural safeguards at the hearing, *Wende* review was not necessary on the appeal from an unsuccessful petition. (*Dobson, supra,* at pp. 1436-1438.)

A person found not guilty by reason of insanity may be confined in a mental institution no longer than the maximum state prison term for the underlying offense. (§ 1026.5, subd. (a); see *People v. Haynie* (2004) 116 Cal.App.4th 1224, 1226.) The People may petition the trial court to extend the period of commitment pursuant to section 1026.5 where the defendant has committed a felony and "by reason of a mental disease, defect, or disorder represents a substantial danger of physical harm to others." (§ 1026.5, subd. (b)(1).) At this hearing, the defendant has a right to appointed counsel, a jury trial, and the People must prove beyond a reasonable doubt the person is mentally ill and a physical danger to others. (§ 1026.5, subd. (b).) If granted, a petition extends the commitment for an additional two years. (§ 1026.5, subd. (b)(8).) The "proceedings to extend commitments under section 1026.5 are essentially civil in nature, for which the purpose is treatment and not punishment, even though they include many constitutional protections relating to criminal proceedings. [Citations.]" (*Dobson*, *supra*, 161 Cal.App.4th at p. 1435; see also *People v. Superior Court* (*Williams*) (1991) 233 Cal.App.3d 477, 485 ["An individual subject to recommitment proceedings 'is not threatened with penal treatment. He has had his criminal trial and been adjudicated not guilty by reason of insanity. The only remaining issue is how long he must remain committed to a state hospital for treatment.' [Citation.] No criminal adjudication is involved"].)

Like the defendant in *Dobson*, the acceptance of defendant's not guilty by reason of insanity plea relieved her of criminal liability for her actions. Like the proceedings in *Dobson*, recommitment proceedings serve both private and public interests by protecting defendant and society from her potential danger. (*Dobson*, *supra*, 161 Cal.App.4th at pp.

3

1435-1436.) For the purposes of *Wende* review, recommitment proceedings are procedurally indistinguishable from the proceedings in *Dobson* -- both are essentially civil proceedings in which the defendant is accorded substantial protections. Agreeing with the reasoning in *Dobson*, we therefore find that *Wende* review is not appropriate in appeals from a successful petition to extend an insanity acquittee's commitment pursuant to section 1026.5

Appointed appellate counsel having found no arguable issues and appellant having not filed a supplemental brief, dismissal is appropriate.

DISPOSITION

The appeal is dismissed.


      NICHOLSON    , J.



We concur:



      BLEASE     , Acting P. J.



      MAURO    , J.

4